1  Ana P. Hallmon, Esq. (SBN 253309)
   SALTZMAN & JOHNSON LAW CORPORATION
2  1141 Harbor Parkway, Suite 100
   Alameda, CA 94502
3  Telephone: (510) 906-4710
4  Email: ahallmon@sjlawcorp.com

5  Attorney for Plaintiffs, Heat and Frost Insulators of Northern California,
   Local 16 Trust Funds, et al.
6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9  | HEAT AND FROST INSULATORS OF NORTHERN CALIFORNIA LOCAL UNION NO. 16 HEALTH AND WELFARE TRUST FUND; and its JOINT BOARD OF TRUSTEES; CHRIS GREANY and CRAIG ROSSI, Trustees; | Case No. |
   |---|---|
   | | **COMPLAINT** |
   | HEAT AND FROST INSULATORS OF NORTHERN CALIFORNIA LOCAL UNION NO. 16 APPRENTICESHIP TRAINING TRUST FUND; and its JOINT BOARD OF TRUSTEES; MIKE SHIPLEY and CHRIS GREANY, Trustees; | |
   | WESTERN STATES INSULATORS AND ALLIED WORKERS' PENSION PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees; | |
   | WESTERN STATES INSULATORS AND ALLIED WORKERS' INDIVIDUAL ACCOUNT PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees; | |
   | WESTERN STATES INSULATORS AND ALLIED WORKERS' HEALTH PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees; | |
   | Plaintiffs, | |
   | v. | |
   | ALPHA OMEGA MECHANICAL, LLC, a Nevada Limited Liability Company, , | |
   | Defendants. | |

1

**COMPLAINT**
**Case No.**

Parties

1.    The Heat and Frost Insulators of Northern California Local Union No. 16 Health and Welfare Trust Fund ("Health and Welfare Fund"); Heat and Frost Insulators of Northern California Local Union No. 16 Joint Apprenticeship Training Trust Fund ("Apprenticeship Fund"); Western States and Allied Workers' Pension Plan ("Pension Plan"); Western States and Allied Workers' Individual Account Plan ("IAP"); and Western States and Allied Workers' Health Plan ("Health Plan") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Chris Greany and Craig Rossi are Trustees, and fiduciaries, of the Health and Welfare Fund. Mike Shipley and Chris Greaney are Trustees, and fiduciaries, of the Apprenticeship Fund. Rick Johnson and Eric Fults are Trustees, and fiduciaries, of the Pension Plan, IAP, and Health Plan.  The Health and Welfare Fund, Apprenticeship Fund, Pension Plan, IAP, and Health Plan, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.    Alpha Omega Mechanical, LLC, Nevada Corporation, ("Defendant" or "Alpha Omega"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

3.    Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.    Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of valid Bargaining Agreements.

5.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that

they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

6. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Pleasanton, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

## Bargaining Agreements

9. Defendants entered into a Memorandum of Agreement ("MOU") with the International Association of Heat and Frost Insulators Union Local No. 16 ("Union"). The MOU binds Defendants to the terms of the Master Labor Agreement between the Union and the Western Insulators Contractors Association Northern California Chapter, Inc. ("Bargaining Agreement"), requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

10. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: the Heat and Frost Insulators of Northern

California Local Union No. 16 Industry Preservation Trust Fund ("Preservation Fund"); Occupational Health and Research Fund; and Industry Promotion Fund (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11.     Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the tenth (10th) day of the month following the month hours were worked, and considered delinquent if not received by the twentieth (20th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rate of seven percent (7%) per annum from the day contributions become delinquent to the date payment is made.

12.     The Bargaining Agreement further require Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

## Factual Allegations

13.     Defendant has failed and refused to pay contribution balances for hours worked by its employees during the months of October 2020 through March 2021. Defendant also owes liquidated damages and interest on the unpaid contributions for the months of October 2020 through March 2021.

**COMPLAINT**
**Case No.**

14.     Defendant has also failed and refused to report and pay contributions for hours worked by their employees during the month of April 2021. Liquidated damages and interest will be incurred and are owed to Plaintiffs for any unpaid contributions for that month.

15.     Defendant has also failed to timely pay fringe benefit contributions for the months December 2018, January 2019, June 2019, July 2019, August 2019, November 2019 through February 2020, June 2020 July 2020 and August 2020. Liquidated damages and interest are owed to Plaintiffs on the late-paid contributions for these months.

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendants failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18.     Defendants have a contractual duty to timely report and pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19.     In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.     By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining and Trust Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     Defendants' failure and refusal to pay the required contributions was at all times, and

5
**COMPLAINT**
Case No.

still is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard; as set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. Further, there is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. Additionally, the balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

      i. To ERISA Plaintiffs and the Bargained Plan, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

      ii. To the Union in accordance with the Bargaining Agreements.

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

§ 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for each Bargained Plan; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

   (a) requiring that Defendant comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

   (b) enjoining Defendant from violating the terms of those documents and of ERISA; and

   (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: May 27, 2021   By: SALTZMAN & JOHNSON LAW
            CORPORATION

            /S/
            Ana P. Hallmon
            Attorneys for Plaintiffs, Heat and Frost Insulators of Northern California, Local 16 Trust Funds, et al.